**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KERUN NETWORK TECHNOLOGY CO., LTD., d/b/a Suncle Mahjone-USA; and FOSHAN BAOBULONG TECHNOLOGY CO., LTD., d/b/a EIMEET Mahjone, <br><br> Plaintiffs, <br><br> v. <br><br> TINGTING CHEN, <br><br><br><br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:26-cv-08716 <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs Kerun Network Technology Co., Ltd. and Foshan Baobulong Technology Co., Ltd. (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint for Declaratory Judgment against Defendant TingTing Chen ("Defendant" or "Chen").

### NATURE OF THE ACTION

1.      This is a civil action seeking a declaratory judgment of copyright non-infringement and copyright invalidity under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Copyright Act, 17 U.S.C. § 101 et seq.

2.      This action arises from Defendant's bad-faith campaign of extrajudicial takedown notices submitted to Amazon.com. Defendant previously sued Plaintiffs in this District for copyright infringement (*TingTing Chen v. The Individuals, et al., Case No. 25-cv-11949*). After the Honorable Mary M. Rowland denied Defendant's motion for a preliminary injunction—finding that Defendant failed to establish a likelihood of success on the merits regarding the essential element of "copying"—Defendant dismissed Plaintiffs from the lawsuit.

3.      Rather than litigate her dubious copyright claims in court, Defendant subsequently weaponized Amazon's intellectual property complaint system to force the removal of Plaintiffs' product listings. Plaintiffs now seek a declaration from this Court that their products do not infringe Defendant's purported copyright, and that Defendant's copyright is invalid, to restore their lawful e-commerce operations.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

5.      The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizes this Court to declare the rights and other legal relations of the parties. An actual, present, and justiciable controversy exists between the parties because Defendant has affirmatively accused Plaintiffs of copyright infringement via Amazon takedown notices, resulting in the deactivation of Plaintiffs' sales listings.

6.      This Court has personal jurisdiction over Defendant because Defendant purposefully availed herself of the privileges of conducting litigation in this District by filing the prior related action, *TingTing Chen v. The Individuals, et al.*, Case No. 25-cv-11949, in this very Court. By seeking affirmative judicial relief in this District concerning the exact same intellectual property and subject matter at issue here, Defendant has consented to personal jurisdiction.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c). Defendant previously consented to jurisdiction and venue in this District by filing her prior copyright infringement lawsuit (Case No. 25-cv-11949) against Plaintiffs in this very Court concerning the exact same intellectual property and subject matter.

## PARTIES

8.      Plaintiff Kerun Network Technology Co., Ltd. is a corporate entity organized under

the laws of the People's Republic of China, operating the Amazon storefront "Suncle Mahjone-USA."

9. Plaintiff Foshan Baobulong Technology Co., Ltd. is a corporate entity organized under the laws of the People's Republic of China, operating the Amazon storefront "EIMEET Mahjone."

10. Upon information and belief, Defendant TingTing Chen is an individual who resides in China, does business within the United States, and who claims ownership of U.S. Copyright Registration No. VAu001534208 (the "Chen Works"). *See* Exhibit 1.

<strong>FACTUAL ALLEGATIONS</strong>

**A. The Prior Litigation and the Court's Denial of Defendant's Injunction**

11. On October 1, 2025, Defendant filed a lawsuit in this District alleging that various e-commerce operators, including Plaintiffs, infringed the Chen Works. *See* Exhibit 2.

12. Plaintiffs appeared in the action and vigorously defended against the allegations, presenting evidence that the mahjong designs at issue have existed in the public domain for years prior to Chen's purported authorship.

13. On April 14, 2026, Judge Rowland issued a Memorandum Opinion and Order denying Chen's motion for a preliminary injunction. *See* Exhibit 3. The Court expressly noted the "uncanny resemblance" between the Chen Works and the pre-existing public domain designs.

14. Furthermore, the Court held that Chen failed to establish the "copying" element of copyright infringement. The Court found Chen's evidence of access to be "virtually non-existent" and ruled that Chen failed to demonstrate the "striking similarity" required to create an inference of copying, particularly given the presence of the public domain designs.

**B. Defendant's Extrajudicial Takedowns and Harm to Plaintiffs**

15. Following her failure to secure an injunction on the merits, Defendant voluntarily

dismissed Plaintiffs from the federal lawsuit on May 26, 2026. *See* Exhibit 4.

16. However, Defendant immediately circumvented the judicial process by submitting false, bad-faith copyright infringement complaints directly to Amazon's IP Accelerator/Brand Registry portals.

17. In these complaints, Defendant asserted the exact same invalid and/or uninfringed copyright (the Chen Works) that failed to support a preliminary injunction in this Court.

18. As a direct and proximate result of Defendant's baseless complaints, Amazon removed Plaintiffs' highly successful product listings. Prior to the takedowns, Plaintiffs' products were ranked in the top 20 of their respective categories, generating approximately 4,000 units sales and $30,000 in net profit per month.

19. Defendant's bad-faith actions have caused severe, calculable, and ongoing economic damages. Plaintiffs are currently burdened with 6,626 sets of stranded inventory, improperly tying up over $139,704 in sunk product and freight costs.

20. Furthermore, to mitigate the catastrophic impact of Defendant's actions and prevent the forced disposal of their inventory by Amazon, Plaintiffs have been forced to incur out-of-pocket expenses exceeding $102,800. This includes over $48,147 in accumulated standard and long-term Amazon FBA storage fees, $45,000 in mandatory removal and overseas warehouse handling fees to rescue 2,805 units, and an estimated $9,700 to eventually ship the rescued units back once the listings are restored.

21. Beyond the direct financial hemorrhage, Plaintiffs have suffered substantial and potentially irreversible harm to their business goodwill and competitive advantage. Their primary product listings have plummeted from a top-20 ranking to being completely unranked and undiscoverable by consumers. A list of the affected product ASINs is attached hereto as Exhibit 5.

**Count I - Declaratory Judgment of Non-Infringement (28 U.S.C. § 2201 and 17 U.S.C. § 501)**

22. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

23. An actual controversy exists between Plaintiffs and Defendant as to whether Plaintiffs' mahjong products infringe U.S. Copyright Reg. No. VAu001534208.

24. Plaintiffs independently sourced, designed, and/or utilized mahjong patterns that are derived from the public domain. Plaintiffs did not copy the Chen Works.

25. Plaintiffs are entitled to a declaratory judgment that the manufacture, use, offering for sale, and sale of their products do not infringe, directly or indirectly, any valid and enforceable right under the Chen Works.

**Count II - Declaratory Judgment of Copyright Invalidity (28 U.S.C. § 2201 and 17 U.S.C. § 102)**

26. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

27. An actual controversy exists between Plaintiffs and Defendant concerning the validity of the Chen Works.

28. A valid copyright requires independent creation and sufficient expressive variation from public-domain works.

29. The designs claimed in the Chen Works are mere copies or trivial variations of traditional mahjong patterns that have resided in the public domain for decades. The Chen Works lack the requisite originality to warrant copyright protection.

30. Plaintiffs are entitled to a declaratory judgment that U.S. Copyright Reg. No. VAu001534208 is invalid and unenforceable.

**COUNT III - Misrepresentation in Copyright Takedown Notices (17 U.S.C. § 512(f))**

31. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

32. Defendant knowingly and materially misrepresented in her takedown notices to

Amazon that Plaintiffs' products infringed the Chen Works.

33.     Defendant submitted these notices in bad faith, knowing she lacked a likelihood of success on the merits regarding the essential element of copying, as explicitly determined by this Court in Case No. 25-cv-11949.

34.     As a direct and proximate result of Defendant's material misrepresentations, Amazon removed Plaintiffs' lawful product listings.

35.     Pursuant to 17 U.S.C. § 512(f), Defendant is liable for any damages, including costs and attorneys' fees, incurred by Plaintiffs due to the removal of their listings. Plaintiffs have suffered actual damages in the form of lost profits, FBA storage fees, and mitigation expenses exceeding $300,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

1) Declare that Plaintiffs have not infringed, and do not infringe, U.S. Copyright Reg. No. VAu001534208;

2) Declare that U.S. Copyright Reg. No. VAu001534208 is invalid and/or unenforceable;

3) Preliminarily and permanently enjoin Defendant, her agents, representatives, and all persons acting in concert with her, from threatening Plaintiffs or their e-commerce platforms (including Amazon) with infringement of the Chen Works, and compel Defendant to explicitly withdraw any pending takedown notices against Plaintiffs' storefronts;

4) Issue an order directing third-party e-commerce platforms and service providers, specifically including Amazon.com, Inc. and its affiliated entities, to immediately reinstate, reactivate, and restore all of Plaintiffs' product listings, ASINs, and associated selling privileges that were

suspended, removed, or deactivated as a result of Defendant's infringement complaints;

5) Award Plaintiffs actual damages, costs, and attorneys' fees incurred as a direct and proximate result of Defendant's material misrepresentations in her takedown notices, pursuant to 17 U.S.C. § 512(f), including but not limited to lost profits, FBA storage fees, and mitigation expenses;

6) Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505, 17 U.S.C. § 512(f), and/or other applicable law; and

7) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:        July 22, 2026                                Respectfully submitted,

                                                           /s/Zhiwei Hua
                                                           1360 Valley Vista Dr, Suite 140,
                                                           Diamond Bar CA 91765
                                                           Bar No. 6099105
                                                           huazhiwei@concordsage.com
                                                           Phone: (216)3923236

                                                           *Attorney for Plaintiffs*